(No. 5897)

EDWIN DIXON, Claimant, *v.* STATE OF ILLINOIS, Respondent.

*Opinion filed July 18, 1977.*

DONALD L. JOHNSON and PHILLIP M. BASVIC, Attorneys for Claimant.

WILLIAM J. SCOTT, Attorney General; SAUL R. WEXLER, Assistant Attorney General, Attorney for Respondent.

POLOS, C.J.

This is a claim against the State for time unjustly served in prison, brought pursuant to Section 8(c) of the "Court of Claims Act" Ill. Rev. Stat. Ch. 37, §439.8(c). The case is to be decided pursuant to Section 8(c) as in effect prior to its amendment, effective October 1, 1973, which made obtaining a pardon on grounds of innocence, a condition precedent to maintenance of an action for unjust imprisonment.

As effective prior to its amendement, Section 8(c) provided that this Court had jurisdiction to determine, ". . . all claims against the State for time unjustly served in prisons of this state, where the persons imprisoned prove their innocence of the crime for which he was convicted, and the amount of damages to which he is entitled." See, *Tate v. State, 25 Ill.Ct.Cl. 245; Pitts v. State, 22 Ill.Ct.Cl. 258.* As the Court said in *Dirkins v. State, 25 Ill.Ct.Cl. 343, 347,*

"It is the studied opinion of this Court that the legislature of the State of Illinois in the language of Ill. Rev. Stat., Ch. 37, §439.8(c) intended that a Claimant must prove his innocence of the "fact" of the crime. It was not, we believe, the intention of the General Assembly to open the treasury of the State of Illinois to inmates of its penal institutions by the establishment of their technical or legal innocence of the crimes for which they were imprisoned."

As appears from the record herein, on January 26, 1967, an armed robbery occurred at Ray's Groceries, located at 1228 South Wood Street, Chicago, Illinois. The owner of the grocery store, one Raymond Ross, and an assistant, one Willie Blunt, both identified Claimant and another individual as the perpetrators of the crime.

Claimant was indicted, tried and convicted for the robbery. On September 28, 1967, he was sentenced to a term of five to ten years in the Illinois State Penitentiary.

Claimant appealed, but his conviction was sustained. He subsequently filed a petition for post conviction relief, which resulted in him being granted a new trial. At the time of the second trial Willie Blunt, who had testified at the first trial, was deceased. Raymond Ross, who also identified Claimant at the first trial, testified at the second trial that he was unable to recall who robbed him on January 26, 1967, because he had suffered a head injury in July, 1970, and had been robbed so many times since the first trial. Claimant's second trial ended in a directed verdict of acquittal.

In all, Claimant was incarcerated in a prison of the State of Illinois from February 16, 1968, to March 20, 1970, which he was remanded to the custody of the Sheriff of Cook County, Illinois pursuant to a subpoena ad testificandum.

Claimant testified in his own behalf, and denied

any participation in the robbery. He was 29 years old at the time of his conviction, was married and had five children.

Respondent did not present any witnesses, but did make a showing of diligent, unsuccessful efforts to subpoena Raymond Ross. Respondent then introduced into evidence without objection by Claimant, a transcript of the testimony at Claimant's first trial, wherein Ross identified Claimant as one of the robbers.

The Court has carefully weighed Claimant's testimony against that of the witnesses, Ross and Blunt, who identified Claimant at the first trial. The Court has also considered certain discrepancies between Claimant's testimony before this Court, and at the initial trial. On balance, we must conclude that Claimant has failed to sustain his burden of proving by a preponderance of the evidence that he did not commit the crime for which he was convicted.

It is therefore ordered that this claim be, and hereby is, denied.